IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE SEARCH WARRANTS | : | MAGISTRATE CASE |
| ISSUED NOVEMBER 30, 2022 | : | NO.  22-MJ-1897 |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                                                                  August 29, 2023

On November 30, 2022, after reviewing the government's ex parte applications and the supporting affidavit of an FBI Special Agent, I issued warrants authorizing the search of a premises and a cell phone, and the seizure from them of evidence of false statements relating to health care matters, wire fraud, conspiracy to commit wire fraud, and money laundering for the period January 1, 2017, through the date of the warrant. Also upon the ex parte application of the government, I issued an order sealing the warrant packages with the exception that the agents executing the searches leave a copy of the warrants with the person or property searched.

Presently before me is the Motion to Unseal the Affidavits in Support of the Search Warrants brought the by entities whose property was removed in the premises search and the individual owner of the searched cell phone ("Petitioners"), claiming a right of access under the Fourth Amendment and common law.[1]  In its response, the Government disputes the existence of a pre-indictment right of access to search warrant materials, and argues that the confidentiality interests of the ongoing grand jury

---

[1]Petitioners do not rely on a right of access under the First Amendment, nor do they rely on Fed. R. Cr. P. 41(g) (person "aggrieved by an unlawful search . . . may move for the property's return").

investigation of which the warrants are a part outweigh any interest of the property owners in assessing the probable cause underlying the warrants.[2]  I held oral argument on the matter on August 1, 2023.

The parties correctly point out that there are no Third Circuit opinions addressing to what extent the Fourth Amendment or common law protects the right of access to search warrant materials when the warrant is part of an ongoing investigation and no indictment has been returned.  Unlike the parties, who read this lack of caselaw as supporting their opposing positions, I discern no obvious rule from the lack of a specific holding.

Petitioners rely on United States v. Oliver, 208 F.3d 211 (table, unpublished), 2000 WL 263954 (4th Cir. 2000), in support of the argument that the Fourth Amendment creates a right to examine an affidavit in support of a search warrant after execution.  In Oliver, the Fourth Circuit recognized a Fourth Amendment right "to examine the affidavit that supports a warrant after the search has been conducted," Id. at *2, but noted that "this right is not absolute [and] may be overridden 'when it is shown that precluding access is essential to preserve higher values and is narrowly tailored to serve that interest.'"  Id. (quoting In re Search Warrants Issued August 29, 1994, 889 F. Supp. 296, 299 (S.D. Ohio 1995)) (additional internal citations omitted).  The Government argues that Oliver is inapposite because the defendant sought disclosure of the search warrant

---

[2]Petitioner's motion and the related briefs are sealed, although counsel were served with each other's briefs.  I have deleted all reference to the identities of Petitioners or any details relating to the investigation so that this memorandum can be publicly filed.

affidavit after his indictment and initial appearance, whereas here Petitioners seek to unseal the affidavit prior to issuance of any indictment.[3]

Although Oliver arose post-indictment, other cases cited by Petitioners recognizing a Fourth Amendment right of access arose in the pre-indictment stage and utilized the test relied on in Oliver to determine if, and to what extent, a search warrant affidavit should be released.  In In re Search Warrants Issued on April 26, 2004, the court ordered production of a redacted version of the underlying affidavit, and while it recognized the government's concerns about disclosure, the court's opinion made no reference to the government's interest in keeping ongoing grand jury proceedings secret. 353 F. Supp.2d 584, 591 (D. Md. 2004).  In In re Search of Up N. Plastics, Inc., the court rejected the government's claimed compelling need for an extension of the sealing order, labeling it "conclusory," where the petitioners alleged that the warrant was issued independent of the grand jury proceedings, the FBI agents who executed the warrant disclosed the details of the investigation, and news of the search had circulated throughout the small industry affected.  940 F. Supp. 229, 234 (D. Minn 1996). Additionally, in the case arising out of the Southern District of Ohio upon which the Oliver court relied, the court found that the government failed to provide a compelling interest to require the affidavit to remain sealed where the investigation was not part of a

---

[3] In Oliver, the defendant argued that the district court abused its discretion in denying Oliver's motion to unseal the search warrant affidavit.  2000 WL 263954, at *1. A review of Mr. Oliver's criminal docket reveals that he filed the motion to unseal the affidavit after he was indicted.  See United States v. Oliver, 98-304, Criminal Docket (E.D. Va.) (docket entries 7 and 10).

3

broader investigation, did not involve informants, and had been on-going for three years. Search Warrants Issued August 29, 889 F. Supp. at 299-300 (Memorandum on Reconsideration). In another case that found a Fourth Amendment right of access in similar circumstances, cited by Petitioners in their reply brief, the court articulated the reason for its ruling: "If the Fourth Amendment is to have meaning, its protection must apply to citizens in those instances where the government searches and seizes their property before the government charges them with a crime." In re Search of 624 NE 2nd St., No. 3:17-MC-00588, 2019 WL 13074677, at *8 (D. Or. Jan. 25, 2019). The court concluded that the government's argument that the Fourth Amendment did not apply pre-indictment undermines the Fourth Amendment's purpose, reasoning that the government could seek and obtain multiple search warrants against the same target over an indefinite amount of time without the target having any redress. Id.[4]

      The Government relies on three cases which rejected a Fourth Amendment right of access to search warrant affidavits prior to indictment: In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996); In re Grand Jury Proceedings, 115 F.3d 1240 (5th Cir. 1997); and In re Search of Fair Finance, 692 F.3d 424 (6th Cir. 2012). In EyeCare Physicians, the Seventh Circuit reasoned that the Fourth Amendment is silent as to the question of access to search warrant materials and that the court's opinion in Search Warrants Issued August 29 was "unpersuasive" and "conclusory, at best," and left the decision of access to such documents "to the sound discretion of the trial court." 100

---

[4] The court addressed only the target's standing to challenge the search warrants. Search of 624 NE 2nd St, 2019 WL 13074677, at *9.

F.3d at 517-18.  Relying on EyeCare Physicians, the Fifth Circuit held that absent the government's "callous disregard" of the movants' rights, the Fourth Amendment did not grant a right of access to sealed search warrant affidavits prior to an indictment.  Grand Jury Proceedings, 115 F.3d at 1246.  In Fair Finance, the Sixth Circuit was faced with a newspaper's request for a sealed search warrant affidavit under, among other bases, the Fourth Amendment and common law.  692 F.3d at 431.  The Honorable Jane Roth, sitting by designation and relying on EyeCare Physicians, stated, "[t]he Fourth Amendment establishes only that the government must obtain [a search warrant] (based on probable cause) before conducting a search [and] has no bearing on the question of whether documents related to the issuance of search warrants must be made available for public inspection."  Id.  Additionally, the court left it "to the sound discretion of the trial court . . . [to] consider all relevant factors to determine whether the need for sealing overcomes the common law right of access."  Id.

     Here, I need not determine to what extent the Fourth Amendment encompasses a right to access a sealed search warrant affidavit pre-indictment, even assuming Petitioners have such a right with respect to the search warrants issued here.  Courts that recognize the right also recognize that the right is not absolute and can be overcome, and here, the government has met its burden of showing a compelling need for the affidavit to remain sealed at this point.[5]  See Oliver, 2000 WL 263954, at *2 (right of access may be denied

---

[5] I note that the Supreme Court has declined to extend the exclusionary rule, which proscribes the use of evidence obtained in violation of the Fourth Amendment, to grand jury proceedings.  "Permitting witnesses to invoke the exclusionary rule before the grand jury would precipitate adjudication of issues hitherto reserved for the trial on the merits

5

"where the Government demonstrates '(1) that a compelling governmental interest requires the material be kept under seal and (2) there is no less restrictive means, such as redaction, available'") (quoting Search Warrants Issued August 29, 889 F. Supp. at 299). Judge Roth set forth a list of interests at stake and harm that might ensue from the disclosure of the information contained in an affidavit prior to indictment.

> First and most obviously, because the documents must detail the government's evidence of criminal activity so as to establish probable cause for a search, they would likely identify information sources, such as wiretaps and undercover operations, the continued utility of which will be compromised by disclosure. The safety of confidential witnesses may also be compromised. The publication of search warrant documents may also reveal the government's preliminary theory of the crime being investigated and enable criminal suspects to figure out which other places are likely to be searched as the investigation continues. In addition, although the execution of the search will have already served to alert the owner or occupant of the place being searched that he may be a criminal suspect, publication of search warrant documents, by revealing the extent of the government's knowledge, could alert others that they, too, are suspects and could cause them to destroy evidence or to flee.

Fair Fin., 692 F.3d at 432. Judge Roth identified an additional risk arising from public access to search warrant documents, namely reduced flow of information to the reviewing magistrate judge because the government would be "more selective in the information it disclosed in order to preserve the integrity of its investigations," which could impede the magistrate judge's ability to make a probable cause determination. Id.

---

and would delay and disrupt grand jury proceedings." United States v. Calandra, 414 U.S. 338, 349 (1974).

Judge Roth also described the list of concerns as "incomplete" in light of the "well-recognized" need for confidentiality of criminal investigations. Id.

The Honorable Robert B. Kugler identified an additional interest when considering whether news sources had a First Amendment right of access to a sealed search warrant affidavit – "the historically protected institution of the grand jury." United States v. Sealed Search Warrants, MJ Nos. 99-1096, 99-1097, 99-1098, 1999 WL 1455215, at *6 (D.N.J. Sept. 2, 1999). Similar to the search warrant affidavit at issue here, the supporting affidavits at issue before Judge Kugler "are based in part upon [the agent's] review of testimony and documents that were presented to the grand jury," and the government represented that the information contained in the affidavits related to an active, ongoing grand jury investigation. Id. Judge Kugler found that "[a]ny threat to the grand jury process would justify denial of petitioners' claimed First Amendment right of access," id. (citing Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 218 (1979) ("the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings"), and provided examples of how such disclosure would undermine the grand jury process.

> Names of cooperating witnesses would be revealed, and they could be subject to intimidation, tampering, and public inquiries. Other evidence could be destroyed or modified, including wiretap sources. In addition, public access would discourage unfettered testimony from witnesses who know their identities and statements will be made public through the press. . . . [P]ublic disclosure further runs the risk that anyone suspected of criminal activity might tailor their actions and accounts of events to take advantage of perceived strengths or weaknesses in the Government's investigation. These threats to the effective operation of an ongoing criminal investigation

7

>are the same reasons grand jury proceedings have traditionally been kept secret.

Id. (internal quotation and citation to brief omitted).

Although Judge Kugler's case arose in the context of news sources' First Amendment rights of access, the concerns he identified are no less relevant when weighed against the Fourth Amendment rights of a person whose property has been searched. In fact, in some respects, the concerns of violating the secrecy of the grand jury proceedings are heightened when the entity seeking disclosure is involved in, or a potential target of, the activity under investigation.[6]

Here, my primary concern is that unsealing the affidavit would reveal the identities of several witnesses in addition to the sources of records and documents referenced in the affidavit. I disagree with Petitioners' argument that the government must establish a specific serious injury that will result if the affidavit is shown to Petitioners.[7] Rather, in light of the government's representation that the investigation is still actively proceeding, I find that the concerns expressed by Judges Roth and Kugler are sufficient to meet the government's burden at this time.

---

[6] Petitioners have also moved to supplement the record with evidence that allegedly undermines the validity of certain information they believe was included in the agent's affidavit supporting the issuance of the search warrants. Because my decision rests not on the specific content of the search warrant affidavit but on the ongoing nature of the grand jury investigation, I will deny the motion.

[7] Petitioners rely on a case arising in a context unrelated to grand jury proceedings. See In re Cendant Corp., 260 F.3d 183 (3d Cir. 2001) (discussing sealing of bids in auctions to select lead counsel in securities litigation).

As noted above, cases that have found a right of access root that right in the Fourth Amendment and/or the common law. As to the latter, Petitioners argue that "[t]here can be no serious doubt that the affidavits of probable cause qualify as 'judicial records,'" establishing "a strong presumptive right to access them." Petitioners' argument ignores the fact that the affidavit at issue is intertwined with an ongoing grand jury investigation, to which the Supreme Court has acknowledged a presumption of secrecy. See Douglas Oil, 441 U.S. at 218. In any event, Petitioners concede that their alleged right of access can be overridden by the Government's compelling interest. For the reasons previously discussed, I find that the Government has met its burden at this point.

I also conclude that redaction is not a solution in this case. Having reviewed the affidavit, it is clear that redaction would result in a long series of blank pages being produced because disclosure of information throughout the affidavit would allow anyone familiar with the activities described therein to identify witness identities and information sources, and would likely disrupt the grand jury proceedings. The remaining information, such as the agent's background qualifications and the workings of computers and digital storage retrieval, are irrelevant to Petitioners' request.

Here, whether couched in terms of the Fourth Amendment or a common law right of access, Petitioners' attempt to access the affidavit for the search warrants I issued on November 30, 2022, must fail in light of the Government's compelling interests that the sealing order protects. Therefore, I will deny the Motion to Unseal, but I do so without prejudice. At least one other court to have considered the issue has specifically considered the duration of the investigation in assessing the Government's compelling

interest.  See Search Warrants Issued August 29, 889 F. Supp. at 299; see also Search of 624 NE 2nd St, 2019 WL 13074677, at *8 (noting the concern that the government could execute several search warrants for the same property over an indefinite period of time with the target having no redress).  I agree that the government's interest in sealing will likely wane as time passes and its investigation draws to a close, and that the opportunity to renew the motion will fairly balance both sides' interests.  Therefore, if in another nine months from today's date the Government has not moved to unseal the affidavit, I would entertain a renewed motion from Petitioners.

      An appropriate Order follows.