IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE SEARCH WARRANTS | : | MAGISTRATE CASE |
| ISSUED NOVEMBER 30, 2022 | : | NO.  22-MJ-1897 |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                                                October 7, 2024

    Petitioners, the entities whose property was the subject of search warrants I issued on November 30, 2022, have renewed their motion to unseal the affidavits in support of the search warrants.  When Petitioners originally sought the unsealing of the affidavits in May 2023, relying on the Fourth Amendment and a common law right of access, I denied their motion finding that, assuming a Fourth Amendment or common law right of access existed, the Government had overcome Petitioners' right of access.[1]  Docs. 17 & 18.  In doing so, I noted that "the government's interest in sealing will likely wane as time passes and its investigation draws to a close," and suggested that I would entertain a renewed motion to unseal the affidavits in nine months if the Government had not moved to unseal the affidavits.  Doc. 17 at 10.  Nearly eleven months later, Petitioners have

---

[1] As explained in my prior Memorandum, there is a split in authority as to the existence of a Fourth Amendment right of access to search warrant affidavits prior to indictment and the Third Circuit has not addressed the issue.  <u>See</u> Docs. 18, 19.  Although the Third Circuit has not addressed the issue in the interim, I note that the Honorable Sharon A. King, my colleague in the District of New Jersey, found that no Fourth Amendment right of access to pre-indictment search warrant materials existed, <u>Martino v. United States</u>, Civ. No. 23-mc-11, 2024 WL 531658, at *4 (D.N.J. Feb. 9, 2024), and that the government's interests in keeping the search materials under seal outweighed any interest in disclosure under common law.  <u>Id.</u> at *5.  The petitioner in that case has filed an appeal in the Third Circuit, which has been referred to a panel for summary action.  <u>Martino v. United States</u>, C.A. 24-1694 (3d Cir. appeal filed Apr. 16, 2024).

renewed their motion to unseal.  Doc. 29.  The government continues to oppose Petitioners' request to unseal the search warrant materials, and its response focuses on the size and scope of the investigation, explaining that the passage of time has not diminished the government's interests identified in the Court's prior Memorandum.  Doc. 31.[2]

In my earlier Memorandum, I relied on cases identifying several governmental interests in continuing to seal the affidavits, including the identification of investigation tactics and information sources, the safety of confidential witnesses, disclosure of the Government's theory of the case, and a threat to the grand jury process itself.  Doc. 18 at 6-7.  My primary concern was and remains that unsealing the affidavits will reveal the identity of several witnesses and the sources of records and documents referred to in the affidavits.  The government represents in its current response that the investigation remains active and is progressing, and describes the investigation as sensitive, complex and broad in scope.  Thus, rather than drawing to a close, the investigation is ongoing with a significant scope and volume of records and witnesses.  In light of these representations, I do not believe that the Government's interest in sealing has waned at this point.

An appropriate Order follows.

---

[2] In conjunction with the filing of my earlier Memorandum and Order denying the motion to unseal the affidavit, I directed that my Memorandum and Order and the docket be unsealed, but all other documents filed on the docket be sealed unless otherwise ordered by the court.  Doc. 17.  This Memorandum and Order will similarly not be sealed.